## SOUTHERN GRANITE COMPANY *v.* VENABLE BROTHERS

It appearing from the petition in this case that there had been a breach on the part of the defendant of the terms of a contract between the defendant and the plaintiffs, and that damages had resulted to the latter from such breach, the general demurrer to the petition was properly overruled.

Argued May 20,—Decided November 24, 1908.

Equitable petition. Before Judge Roan. DeKalb superior court. August 30, 1907.

Venable Brothers filed an equitable petition against the South-

ern Granite Company, alleging, in substance, as follows: On August 2, 1902, the plaintiffs entered into a contract with the defendant and the T. F. McClure & Sons Company, which provided, among other things, for the proportion of granite blocks each party should be entitled to ship to Cincinnati, Ohio, for the pavement of streets, the proportion being as follows: the defendant, the Southern Granite Company, thirty-seven and one half per cent. of all the work secured; T. F. McClure & Sons Company, twenty-five per cent.; and the plaintiffs, Venable Brothers, thirty-seven and one half per cent. Subsequently to the execution of this contract, the parties thereto secured from J. A. Eberhart and F. H. Kirchner & Company, of Cincinnati, a contract for the furnishing of granite blocks, curbing, etc., for the pavement of certain streets in that city. Both contracts are attached to the petition as exhibits, and the latter provides for the same proportion of granite to be shipped as the former. The Southern Granite Company has shipped to Cincinnati an amount of granite largely in excess of its proportion, and is rapidly shipping the entire amount required, with an utter disregard of the plaintiff's rights. J. A. Eberhart, vice-president of the defendant company, is in active charge of the contract work of paving the streets in said city; all orders for stone to be shipped are made by him; and, as he is acting in this double capacity, he is interested in ordering the granite to be shipped by the defendant. To furnish all of the stone was a larger undertaking than any one or any two of said parties could safely contract to do; it required the combined resources of all of them to furnish the stone as it would be required to complete said public improvements. Plaintiffs have repeatedly demanded that the terms of the contract be carried out, and that they be allowed to ship their proportion of granite; but J. A. Eberhart has refused and still refuses to permit them to do so. Plaintiffs have on hand a large quantity of material, which has been quarried at great expense, and they can easily and in ample time furnish the balance which they are entitled to ship, and which they would ship if permitted to do so by the defendant.

As the case was originally brought, the plaintiffs sought to enjoin the defendant from discriminating against them in the carrying out of a certain contract which had been made between the plaintiffs, the defendant, and T. F. McClure & Sons Company.

The injunction was heard by the court below on June 4, 1904, and the defendant was enjoined as prayed, but was allowed to dissolve the injunction upon giving bond to pay all damages that might result to the plaintiffs from violation of the contracts entered into between the parties. This bond was given by the Southern Granite Company. Subsequently the plaintiffs filed an amendment to the original suit, set up the bond so given, and declared that the transaction covered by said contracts had been completed, and that certain fixed damages had accrued to them by reason of the violation of said contracts, and sought to recover damages from the defendant in this main case. The plaintiffs also alleged that certain profits which would and should have come to them upon the fulfilment of the contract had been reaped by the defendant; and the amendment prays an accounting for said profits. A demurrer to the petition as amended was filed, and, after hearing, was overruled; to which ruling the defendant excepted.

*Albert H. Cox,* for plaintiff in error. *James L. Key,* contra.

BECK, J. (After stating the facts.) The contention of the plaintiff in error is that the petition sets forth no cause of action against the Southern Granite Company, but that on the contrary said petition, by its allegations and exhibits, shows that such cause of action as the plaintiffs might have had was against other parties. With this contention of the plaintiff in error we are unable to agree. It clearly appears from the allegations in the petition and the contracts attached thereto as exhibits that a certain amount of stone was to be shipped by the three companies: the Southern Granite Company, T. F. McClure & Sons Company, and Venable Brothers, and that the plaintiff in error was, under the contract, entitled to ship to the contractors thirty-seven and one half per cent. of the stone; T. F. McClure & Sons Company, twenty-five per cent; and Venable Brothers thirty-seven and one half per cent. Each of the parties named knew, under the explicit terms of the contract, that they were only entitled to ship that percentage of the stone allotted to them by the terms of the contract into which they had entered, so long as the other companies were able to fill such orders as might be given them for stone; and each of the companies knew, furthermore, if they shipped more than their allotted percentage, that, to the extent of the excess of the shipments over the percentage which they were entitled to

make, other companies would be deprived of the right which they were to enjoy of shipping their full percentage. It is alleged in the petition that the shipments of the stone were to be made upon orders sent by J. A. Eberhart; who was vice-president of the defendant company, as well as one of the contractors with the City of Cincinnati. The defendant company, for a sufficient consideration, had agreed, in the contract under consideration, that of the stone required by the contractors the plaintiffs in this action should be allowed to ship, as stated above, a certain percentage to fill the contract for paving with the City of Cincinnati. It would be putting a strained construction upon the contract to say, that, while the plaintiffs complain that the breach of the contract consisted in the fact that they were not allowed by the defendant, the Southern Granite Company, to ship their proportion of the stone, the petition is fatally defective in that it does not state "how the defendant company disallowed or resisted in shipments by Venable Brothers, nor does the petition show that the Southern Granite Company ever undertook to order out any stone from anybody in connection with this matter." For perfectly good and sufficient reasons, the stone was to be shipped to Cincinnati on different occasions; the entire amount could neither be sent nor could it have been received and handled in Cincinnati if all shipped at once. For obvious economic reasons, the stone was to be forwarded to Cincinnati in such amounts as required there by the contractors. Now when the orders for shipments came from the contractors in Cincinnati to the producing companies, inasmuch as each of these companies knew what percentage of the stone they were entitled to ship, it could not matter which one of the companies received the orders; for the company receiving could not but understand, if it had already shipped that percentage of the stone which it was entitled to ship under the terms of the contracts with the other producing companies, that the order should be delivered to that company which had not shipped the proportion of the stone which it was entitled to ship. And if such an order as the one last referred to should come into the hands of the company which had already shipped a larger proportion of the stone than that called for by the contract, and the company receiving such order should fill the same, thereby depriving the company which was entitled to furnish the stone called for by the

order of the opportunity of filling it, it might be said, without too greatly stretching the meaning of the word, that the former had not allowed the latter to make the shipment to which it was entitled. And especially is this true in view of the fact that the party who was to give the order was vice-president of the company which seems to have been favored in the matter of the distribution of the orders for granite. The contracts themselves do not state explicitly who were to issue these orders, but it is distinctly alleged in the petition that the stone was to be shipped upon the orders of J. A. Eberhart, the vice-president of the defendant company; for, in paragraph 5 of the amendment to plaintiffs' petition, it is alleged "that petitioners were to ship said stone only upon the order of the defendant as given through their vice-president, J. A. Eberhart." If it could be said that this allegation refers only to the shipments which were to be made after the filing of the suit, still we have in the original petition (paragraph 10) the allegation that the "said Eberhart, vice-president of the Southern Granite Company, is in the active charge of the contract work of paving the streets above mentioned, in the City of Cincinnati, and that all orders of stone to be shipped are made by him." While the relation existing between the producing companies is not that existing between the members of a partnership, they do sustain such a relation to one another, having entered into a joint compromise, as would require of them perfect good faith in the performance of the duties and the exercise of the privileges and the enjoyment of the advantages arising from the performance of the contract which they had jointly undertaken to perform. When they entered into the contract these companies considered that the terms of the contract secured to them certain advantages which could not have been secured but for the concurrence of all in the enterprise contemplated. And it would be inequitable to permit the defendant company, by taking advantage of the fact that it was favored in the matter of having orders sent to it, to deprive another party to the contract of the advantages and profits which it would have enjoyed and received had the contract been carried out in good faith by all parties signing it. In this connection, see the case of *Forlaw* v. *Augusta Naval Stores Company,* 124 *Ga.* 261 (6), (52 S. E. 898).

The foregoing disposes of the questions raised by the demurrers,

which were general in their nature, and which are argued in the brief of counsel for plaintiff in error. The special demurrer, on the ground that the "petition does not show the place of making the contract," is not referred to nor urged in the brief of counsel, and the question raised by it is not dealt with in the opinion.

Judgment affirmed. All the Justices concur.